

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50458 | **DATE** | 6/18/2003 |
| **CASE TITLE** | TAUHIDAH F. EL-AMIN vs. AFSCME UNION LOCAL 1275 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, this case is dismissed in its entirety for lack of subject matter jurisdiction.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 19 2003 date docketed | 13 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | | 6-18-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Tauhidah F. El-Amin, filed a complaint against defendant, AFSCME Union Local 1275. Plaintiff was formerly employed with Rockford Board of Education, District 205, as a school bus driver. Around January 10, 2002, she was involved in an accident while driving a school bus. After the accident, plaintiff was required to take a drug test, which revealed the presence of codeine and cocaine. Plaintiff claimed that she had recently undergone surgery and was taking medication containing codeine. Plaintiff was also on 12 additional medications and believed that one of these was responsible for her testing positive for cocaine. She attempted to contact the testing facility and requested that her local union representative file a grievance. Plaintiff later learned that defendant refused to file a grievance on her behalf. Consequently, plaintiff filed the present action against defendant, which alleges the failure to fairly represent her in her grievance. Defendant replied with a motion to dismiss for lack of subject matter jurisdiction. Plaintiff has not identified an alleged basis for federal jurisdiction, but it appears she is claiming a violation of the Labor-Management Relations Act. 29 U.S.C. § 185(a).

29 U.S.C. § 152(2) defines the entities covered by the Labor-Management Relations Act: "The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include . . . any State or political subdivision thereof . . . ." Therefore, "public employees simply are not covered by the NLRA." Jackson v. Temple University, 721 F.2d 931, 933 (3rd Cir. 1983). See also N.A.A.C.P., Detroit Branch v. DPOA, 821 F.2d 328, 331-32 (6th Cir. 1987) ("public employees of the political subdivision of a state are not governed by the federal labor laws"); Kirsch v. AFSCME Local 2645, No. 01 C 6078, 2001 U.S. Dist. LEXIS 20699 (N.D. Ill. 2001) ("[i]t follows from the fact that a state-government employee cannot sue her employer under the LMRA for breach of a collective bargaining agreement that she cannot sue her union for failing to represent her adequately in her claim against the employer . . . ."); Bailey v. Johnson, No. 90 C 01795, 1990 U.S. Dist. LEXIS 6508 (N.D. Ill. 1990) ("[t]he Will County Sheriff's Office is not an employer within the meaning of the LMRA").

Since plaintiff was employed by the Rockford Board of Education, she is considered a public employee and is barred from proceeding under federal labor law. See N.L.R.B. v. Parents & Friends of Specialized Living Center, 879 F.2d 1442, 1448 (7th Cir. 1988) ("The general test for determining whether an employer is an exempt political subdivision is whether or not it was '(1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) [is] administered by individuals who are responsible to public officials or the general electorate'") (quoting N.L.R.B. v. Natural Gas Utility Dist. of Hawkins County, 402 U.S. 600, 604-05 (1971). Absent a federal claim this case must be dismissed for lack of subject matter jurisdiction.[1] This case is dismissed in its entirety for lack of subject matter jurisdiction.

---

[1] Of course, this Court's decision does not mean that the plaintiff is barred from filing a claim either in state court or with the Illinois Educational Labor Relations Board.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Tauhidah F. El-Amin **JUDGMENT IN A CIVIL CASE**

v. Case Number: 02 C 50458

AFSCME Union Local 1275

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed in its entirety for lack of subject matter jurisdiction.

Michael W. Dobbins, Clerk of Court

Date: 6/18/2003

*Susan Wessman*
Susan M. Wessman, Deputy Clerk